# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRYL SELF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-cv-614-STE |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

## I.     PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration (SSA) denied Plaintiff's application for disability insurance benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 16-28). The

Appeals Council denied Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II.   THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 15, 2017, the date Plaintiff alleged onset of disability. (TR. 18). At step two, the ALJ determined that Plaintiff had the following severe impairments: chronic obstructive pulmonary disease, lumbago, and arteriosclerotic vascular disease. (TR. 18). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 20).

At step four, the ALJ concluded that Plaintiff retained the residual functional capacity (RFC) to perform light work with the additional restrictions that Plaintiff can only:

> Occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; never climb ropes, ladders, or scaffolds; have no more than occasional exposure to irritants, such as dust, fumes, smoke, gases, and poor ventilation; and have no more than occasional exposure to high humidity and wetness.

(TR. 21). The ALJ next found that Plaintiff was not capable of performing his past relevant work, but did have skills transferable to other occupations. (TR. 27).

The ALJ then proceeded to make findings at step five. The ALJ consulted with a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. Given the limitations presented by the ALJ, the VE identified three jobs from the Dictionary of Occupational Titles. (TR. 27-28). Relying upon

2

the testimony of the VE, the ALJ concluded that Plaintiff was not disabled based on his ability to perform the identified jobs. (TR. 28).

### III. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). Under the "substantial-evidence standard," a court looks to an existing administrative record to determine whether it contains "sufficient evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal alteration and quotation marks omitted). "Substantial evidence . . . is more than a mere scintilla . . . and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

### IV. ISSUES PRESENTED

On appeal, Plaintiff alleges the ALJ erred in (1) failing to properly assess the RFC with respect to limitations caused by Plaintiff's breathing impairment, and (2) relying on miscalculated medical evidence. (ECF No. 14:3-8, 8-12).

### V. ANALYSIS

#### A. *COPD-related limitations*

Plaintiff argues that the ALJ should have included additional restrictions in the RFC to account for limitations caused by Plaintiff's breathing impairment. (ECF No. 14:3-8). The ALJ found that Plaintiff has the severe impairment of chronic obstructive pulmonary disease (COPD). (TR. 18). The ALJ noted that Plaintiff testified he does a breathing treatment every 4 hours due to his COPD. (TR. 23, 26; *see also* TR. 41). The ALJ also noted that Plaintiff testified that the treatment takes about 5 minutes; but the ALJ did not mention Plaintiff's testimony that it takes an additional 30 minutes for the breathing treatment to take effect. *See* TR. 23, 26, 41. The ALJ did not include any restrictions in the RFC to accommodate Plaintiff's breathing treatments. *See* TR. 21. Defendant argues that the ALJ included adequate restrictions and "did not fully accept Plaintiff's testimony concerning the extent of his limitations." (ECF No. 17:5).

Defendant is correct that, while the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," he further found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (TR. 25). The ALJ did not, however, provide adequate reasoning to support his finding. The ALJ cited to the medical record, but the medical record indicates that Plaintiff was hospitalized for shortness of breath and chest pain in May of 2016, and has received treatment for shortness of breath and other COPD-related symptoms since that time. (TR. 23-24, 273-357). Plaintiff's physicians have prescribed breathing treatments that Plaintiff is to do

4

every 4-6 hours and as needed. (TR. 274, 293, 295, 340, 355, 356). Medical evidence indicates that Plaintiff has shortness of breath, coughing, and wheezing, which the breathing treatment can be used to address. (TR. 356). Medical evidence further indicates that Plaintiff's pulmonary function tests showed moderate obstruction in August 2016 and February 2017, but severe obstruction in March 2017 and November 2017. (TR. 318 (Aug. 25, 2016), 344 (Feb. 7, 2017), 351 (Mar. 8, 2017), 336 (Nov. 2, 2017)).

The ALJ's discussion of the medical evidence does not demonstrate any inconsistency with Plaintiff's statements that he is severely limited by his breathing impairment—indeed, worsening COPD and severe obstructive lung defect are, in fact, consistent with Plaintiff's statements of limitation. *See, e.g.,* TR. 24 (ALJ discussing Mar. 8, 2017, medical records indicating Plaintiff's "diminished breath sounds, increased AP diameter and hyperexpansion, all consistent with COPD changes"). Moreover, though the ALJ noted that Plaintiff's pulmonary function tests showed moderate obstruction in February 2017, the ALJ did not discuss that later medical records showed severe obstruction. *See* TR. 24-25, 344 ("moderate obstructive lung defect"), 351 ("severe obstructive lung defect"), 336 ("severe obstruction"). Nor did the ALJ acknowledge Plaintiff's physician's note that the breathing treatment would address "breakthrough symptoms of shortness of breath, coughing and wheezing." *See* TR. 24, 356. *See also* 20 C.F.R. § 404.1529(c)(2) (ALJ will consider objective medical evidence when evaluating symptoms).

The ALJ also purported to find inconsistency between Plaintiff's statements of limitations caused by his breathing difficulties and his activities of daily living. (TR. 25-

5

26). The ALJ cited to Plaintiff's abilities to care for his personal needs, drive, go out alone, shop for groceries and carry in groceries, cook, attend grandson's games, tinker in the garage, and take out the trash. (TR. 26). Plaintiff, however, testified that he could do these activities in short spurts, resting throughout to catch his breath and having to use a rescue inhaler multiple times a day. (TR. 41-44, 47-48, 221-28). Nothing in the ALJ's analysis indicates any contradictions with Plaintiff's testimony. *See* 20 C.F.R. § 404.1529(c)(3) (ALJ will consider claimant's statements about symptoms when evaluating symptoms), (c)(3)(i) (ALJ will consider activities of daily living when evaluating symptoms). *See also* SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996) (explaining that the standard for assessing the RFC is "the ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis"); *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (finding that the ability to do limited work did not show that claimant had the "residual functional capacity for work activity on a regular and continuing basis, that is, 8 hours a day, for 5 days a week, or an equivalent work schedule" (internal quotation marks and citation omitted)).

Additionally, Plaintiff's statements regarding his breathing difficulties are supported by the SSA's observations that Plaintiff had "trouble breathing" during his face-to-face application interview and that he "was very winded, coughing, and [had] sounds of gasping for air" during a telephone interview (TR. 195, 230). *See* 20 C.F.R. § 404.1529(c)(3) (ALJ will consider statements made by SSA employees when evaluating symptoms).

A court may review an ALJ's findings with regard to a plaintiff's subjective complaints of pain to ensure the ALJ's factual findings are "closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (internal quotations omitted). Here, the Court finds that the ALJ's reasoning does not meet that standard. Though a court may not reweigh the evidence, it is the court's duty "to ensure that the ALJ properly evaluated it." *Terwilliger v. Comm'r, Soc. Sec. Admin.*, No. 19-1028, 2020 WL 290421, at *6 (10th Cir. Jan. 21, 2020). Because the ALJ did not properly evaluate the evidence supporting Plaintiff's claims of limitations caused by his breathing impairment, substantial evidence does not support the ALJ's RFC determination. Accordingly, remand is required.

### B. *Miscalculated medical evidence*

Plaintiff alleges that the ALJ erred in relying on the results of testing done by Robert Danaher, Psy.D., because Dr. Danaher miscalculated the results. (ECF No. 14:8-12). Assuming without deciding that Plaintiff's arguments would have merit had such miscalculation occurred, here it is unclear whether it did. Plaintiff is correct that the scores of the individual test sections add up to a total of 25, and not 26 as Dr. Danaher indicated. *See* TR. 364-67. But the test is designed to add an additional point if the individual being tested had less than 12 years of education. *See* TR. 367. Defendant argues that "[b]ecause Plaintiff did not complete high school or obtain a GED, Dr. Danaher probably added one extra point." (ECF No. 17:7, citing TR. 38-39, 363). However, the ALJ found that Plaintiff "has at least a high school education," though he further noted that Plaintiff "testified to only a 10th grade . . . education but on his Disability Report, he reported that

he had a 12th grade education." (TR. 27, internal citation omitted). On remand, the Commissioner should determine whether Dr. Danaher correctly calculated the score.

**ORDER**

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on this review, the Court **REVERSES AND REMANDS** the Commissioner's decision for further administrative development.

ENTERED on January 30, 2020.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE